## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **RICKY NUCKLES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-00125-RDP-SGC** |
| | ) | |
| **D. YEAGER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM OPINION</u>

This is an action on a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 by Petitioner Ricky Nuckles ("Petitioner"). Petitioner is serving a 211-month term of imprisonment for federal drug trafficking and gun crimes and claims the Federal Bureau of Prisons (the "BOP") improperly has determined one of his convictions precludes him from earning time credits under the First Step Act (the "FSA"). The Magistrate Judge entered a Report and Recommendation April 22, 2025, recommending the court dismiss the petition without prejudice because Petitioner failed to exhaust his administrative remedies. (Doc. 10). Petitioner has filed extensive objections to the Report and Recommendation. (Doc. 11). The court addresses those below.

### A.    First Objection

Petitioner begins by suggesting the court has an "extraordinary opportunity" to be "among the first in the nation" to apply the Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), "to curb agency overreach in the [FSA] context." (Doc. 11 at 1). The Court in *Loper Bright* overruled *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), which had established the requirement that a court must defer to an agency interpretation

of an ambiguous statute, and held a court instead must "exercise [its] independent judgment in deciding whether an agency has acted within its statutory authority." 603 U.S. at 412-13.[1] The level of deference that should be afforded to the BOP's interpretation of the FSA is potentially relevant only to the substance of Petitioner's petition – his claim that the BOP improperly has determined one of his convictions precludes him from earning time credits under the FSA – and the court does not reach the substance of the petition unless it concludes the Magistrate Judge erred in reporting that Petitioner failed to exhaust his administrative remedies. As discussed below, because the court discerns no such error, the court will not consider what implications *Loper Bright* may have for the FSA and the regulations implementing the statute.

**B.    Second Objection**

Petitioner challenges the Magistrate Judge's report that he failed to exhaust his administrative remedies. He asserts he filed a timely Central Office Administrative Remedy Appeal (a "BP-11") on April 25, 2025, after receiving an out-of-time response to his Regional Administrative Remedy Appeal (a "BP-10") on April 23, 2025, and by doing so resolved the "procedural concern." (Doc. 11 at 1-2).[2] The court disagrees. A prisoner must avail himself of *every* step of the administrative remedy process *before* filing a § 2241 petition. In particular, a petitioner does not comply with this requirement by commencing the administrative remedy process before filing a § 2241 petition but only completing the process while the petition is pending *See, e.g.*, *Martin v. Zenk*, 244 F. App'x 974, 977-78 (11th Cir. 2007) (affirming dismissal of § 2241 petition for failure to exhaust administrative remedies where petitioner commenced, but did

---

[1] The Court noted that in exercising such judgment a court may "seek aid from the interpretations of those responsible for implementing particular statutes." *Id.* at 394.

[2] Petitioner indicates he still has not received a response to his Central Office Administrative Remedy Appeal. (*See* Doc. 11 at 7).

not complete, administrative remedy process before filing petition); *Krist v. Eichenlaub*, 386 F. App'x 920, 923 (11th Cir. 2010) (same).

## C.    Third Objection

Petitioner next challenges the Magistrate Judge's report that he failed to demonstrate his claim falls within the exception to the administrative exhaustion requirement and that he "'need not exhaust unavailable [remedies].'" *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016)).

First, Petitioner argues exhaustion is not required when a prisoner does not receive a response at any given step of the administrative remedy process or when the response is made out of time.  In support of his argument, he cites *Howard v. Douberley*, 830 F. App'x 263 (11th Cir. 2020), *Baker v. Wingo*, 459 F. App'x 786 (11th Cir. 2012), *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205 (11th Cir. 2015), *Battle v. Cent. State Hosp.*, 898 F.2d 126 (11th Cir. 1990), and *Harris v. Warden*, 425 F. Supp. 3d 1322 (N.D. Ala. 2019).  (Doc. 11 at 2, 4-5).  The citation 830 F. App'x 263 retrieves a Tenth Circuit case styled *Zarza-Escamilla v. Barr*.  The citation 459 F. App'x 786 retrieves a Tenth Circuit case styled *Escamilla v. Holder*. And, the citation 425 F. Supp. 3d 1322 retrieves a decision of the United States Court of International Trade titled *Sao Ta Foods Joint Stock Co. v. United States*.  None of those decisions has anything to do with administrative exhaustion of a prisoner grievance.  While the citation 898 F.2d 126 does retrieve a case styled *Battle v. Cent. State Hosp.*, similar to *Zarza-Escamilla*, *Escamilla*, and *Sao Ta Foods*, the case has nothing to do with administrative exhaustion of a prisoner grievance.  The citation 802 F.3d 1205 retrieves a case styled *Whatley v. Warden, Ware State Prison*. That decision addresses administrative exhaustion of a prisoner grievance but does not articulate an exception to the administrative exhaustion requirement in the case of an absent or out-of-time response to a prisoner

grievance.[3]  Moreover, and in any event, the Administrative Remedy Program, which sets out the administrative remedy process for prisoner grievances, casts serious doubt on Petitioner's argument.  The program provides that if a prisoner does not receive a response to an administrative remedy request or appeal within the time prescribed, "the inmate may consider the absence of a response to be a denial at that level," 28 C.F.R. § 542.18, and if unsatisfied with the denial, appeal to the next level, *see id.* at § 542.15.  But, in contemplating the possibility that a prisoner may not receive a response to an administrative remedy request or appeal and instructing a prisoner to proceed to the next step of the administrative remedy process under that circumstance, the Administrative Remedy Program scheme implicitly rejects the exception that Petitioner advocates here.

Second, Petitioner argues exhaustion is not required for a claim that presents a question of statutory interpretation.  In support of that argument, he cites two cases: *Beaulieu v. City of Alabaster*, 454 F.3d 1219 (11th Cir. 2006) for the proposition that "'there are occasions where a party need not exhaust administrative remedies, such as . . . when the legal issue involved is statutory interpretation;'" and *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1224 (11th Cir. 2008) for the premise that "'exhaustion is not required where the issue is a pure matter of law.'"  (Doc. 11 at 2).  Neither *Beaulieu* nor *Lanfear* stand for those legal points.  Like the Magistrate Judge, the court is unable to locate any Eleventh Circuit precedent recognizing an exception to the administrative exhaustion requirement for a claim that presents a question of statutory interpretation.

---

[3] The Eleventh Circuit held in *Whatley* that "a prisoner has exhausted his administrative remedies when prison officials decide a procedurally flawed grievance on the merits."  802 F.3d at 1215.

Third, Petitioner argues exhaustion is not required when prison officials deny a grievance on the same ground at multiple steps of the administrative remedy process. (Doc. 11 at 3).  In making this contention, Petitioner appeals to broad principles to support the argument and cites no case law indicating that the exhaustion requirement has been excused under those circumstances. His argument is off the mark. Application of such a broad exception would threaten to swallow the rule that complete exhaustion of administrative remedies is required before commencement of a judicial proceeding.

Fourth, Petitioner argues exhaustion is not required when a prisoner is being held beyond what he contends should be his release date.  (Doc. 11 at 4).  Again, in making this assertion he appeals to broad principles to support this argument and does not cite any case law indicating that the exhaustion requirement has been excused under those circumstances.  The Magistrate Judge properly considered and rejected this argument in her Report and Recommendation, noting the "general rule" is that the administrative exhaustion requirement will not be excused "merely because exhaustion could not be completed by the release date that would apply if a petitioner received the claimed credits or because the petitioner may lose time in a residential reentry center." *Woodley v. Warden, USP Leavenworth*, 2024 WL 2260904, at *1 (D. Kan. May 14, 2024).

**D.    Fourth Objection**

Petitioner argues the Magistrate Judge misapplied the two-step process for evaluating when a prisoner's claim should be excused from the administrative remedy exhaustion requirement articulated in *Turner v. Burnside*, 541 F.3d 1077 (11th Cir. 2008). Before addressing the argument, the court reviews the two-step process articulated in that case.

In *Turner*, the Eleventh Circuit held that in evaluating the exhaustion issue a court first must accept the plaintiff's factual allegations as true and consider whether the plausible factual

allegations of record show the plaintiff failed to exhaust his administrative remedies. 541 F.3d at 1082. If so, the court must dismiss the complaint. If not, the court may proceed to a second step and makes specific factual findings to resolve the disputed factual issues related to exhaustion and when appropriate answer the legal question. *Id.* at 1082-83. So, a court applies the two-step *Turner* process to the question of exhaustion and the question of whether a plaintiff should be excused from the exhaustion requirement. *Jenkins v. Sloan*, 826 F. App'x 833, 839 (11th Cir. 2020).

A defendant bears the burden of proving a plaintiff failed to exhaust his available administrative remedies, which includes showing a remedy is generally available – in other words, that a grievance procedure exists. *Id.* at 1082; *Wright v. Ga. Dep't of Corrs.*, 820 F. App'x 841, 845 (11th Cir. 2020). However, a plaintiff bears the burden of proving administrative remedies effectively were unavailable to him. *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1356 (11th Cir. 2020); *Wright*, 820 F. App'x at 845; *Black v. Rayburn*, 2024 WL 64291, at *2 (11th Cir. Jan. 5, 2024). As suggested by use of the terms "plaintiff" and "defendant," *Turner* did not address the exhaustion issue in the context of a § 2241 petition. Rather, it addressed the issue in the context of an action under 42 U.S.C. § 1983. Nevertheless, the Eleventh Circuit has indicated the two-step process articulated in *Turner* is applicable in the context of a § 2241 petition. *See Blevins*, 819 F. App'x at 856 (applying two-step *Turner* process in a § 2241 proceeding).

First, Petitioner argues the Magistrate Judge misapplied the two-step *Turner* process by failing to take his factual allegations as true "regarding the delayed BP-10 response and the futility of the administrative process" and proceeding "as if the[] delay[] had no legal significance." (Doc. 11 at 4). But, that is wrong. The Report and Recommendation does not suggest the Magistrate Judge failed to credit Petitioner's allegation he had not received a response to his Regional Administrative Remedy Appeal when he commenced this action. To be sure, even to the extent

6

this argument was actually presented to the Magistrate Judge (and, it is not clear that it was) here, she was not required to credit the allegation that the administrative remedy process was unavailable and thus Petitioner was excused from compliance with this requirement. As the court explained above, an absent or out-of-time response to a prisoner grievance does not excuse the administrative remedy exhaustion requirement.

Second, Petitioner argues the Magistrate Judge misapplied the two-step *Turner* process by concluding he had failed to show prison officials categorically deny grievances like his without addressing "the documented rejections at the BP-8 and BP-9 levels that are clearly in the record." (Doc. 11 at 4). The arguments Petitioner presented to the Magistrate Judge were not well-organized, and it may not have been clear to the Magistrate Judge that the basis of Petitioner's argument that exhaustion is not required when prison officials categorically deny grievances was that prison officials denied his own grievance at the BP-8 and BP-9 levels of the administrative remedy process. Regardless, as explained above, denial of a prisoner grievance on consistent grounds at some but not all steps of the administrative remedy process does not excuse the administrative remedy exhaustion requirement.

Third, Petitioner argues the Magistrate Judge misapplied the two-step *Turner* process by improperly shifting the burden of proof to him based on the conclusion that he had failed to show an exception to the administrative exhaustion requirement applied. (Doc. 11 at 4). Again, while the respondent bears the burden of proving a grievance procedure exists and was not followed by a petitioner, a petitioner bears the burden of proving the grievance procedure effectively was unavailable to him.

**E.      Fifth Objection**

Finally, Petitioner appeals to equitable principles and suggests an alternative to dismissal. First, he argues dismissing his petition and requiring him to exhaust his administrative remedies before filing a new petition asserting the same claim would not further judicial economy.  (Doc. 11 at 7).  Given the court has not yet considered the substance of the habeas petition, the court does not believe judicial economy will be appreciably impeded by dismissal of Petitioner' petition. Second, to the extent this court concludes he has failed to exhaust his administrative remedies, he asks that his petition be held in abeyance pending receipt of a response to his BP-11.  (Doc. 11 at 7).  He cites *Wade v. Battle*, 379 F.3d 1254 (11th Cir. 2004), in support of this argument.  (Doc. 11 at 7).  Yet, *Wade* did not address the propriety of holding a habeas petition in abeyance pending a prisoner's exhaustion of administrative remedies. Petitioner has not cited any authority in support of this requested course of action. The court declines to travel that road.

After careful consideration of the record in this case, including the Magistrate Judge's Report and Recommendation and Petitioner's objections to that Report, the court **OVERRULES** each of Petitioner's objections, **ADOPTS** the Magistrate Judge's Report, and **ACCEPTS** the Magistrate Judge's recommendation.  Consistent with that recommendation, the court will dismiss the petition without prejudice because Petitioner failed to exhaust his administrative remedies.

A final judgment will be entered.

**DONE** and **ORDERED** this May 22, 2025.

_____

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE

8